UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO OSIEL VALENCIA BARRERA,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>Defendant. | Case No. 24-cv-02403-DMR<br><br>**ORDER GRANTING IFP APPLICATION; SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(E); DENYING MOTION TO DISQUALIFY**<br><br>Re: Dkt. Nos. 2, 6, 12 |

On April 23, 2024, Plaintiff filed a complaint and application for leave to proceed *in forma pauperis* ("IFP"). [Docket Nos. 1 ("Compl."), 2.] Having considered Plaintiff's papers, the court grants the IFP application and finds that the complaint fails to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e). Plaintiff must file a first amended complaint that addresses the deficiencies identified in this screening order by **August 29, 2024**.

In addition, Plaintiff has filed a request for judicial notice and ex parte motion [Docket No. 6] and a motion to disqualify this judge under 28 U.S.C. § 455 [Docket No. 12]. For the reasons stated below, Plaintiff's motions are denied.

**I.  BACKGROUND**

Plaintiff brings claims against the Federal Bureau of Investigation ("FBI") and two anonymous FBI agents. He claims that on April 9, 2024, he went into an FBI office to report that the San Francisco Police Department (SFPD) has been conspiring against him by not investigating his criminal reports and having an active policy to ignore his criminal reports. Compl. at 4. He reported to the SFPD and the FBI that he was being "stalked, threatened, and harassed by the people who live in the hotel" where he resides, the McAllister Hotel. *Id.* However, the FBI refused to investigate. *Id.* He also alleges that he has been reporting a "Domestic Terrorist

1  conspiracy" against him to the FBI for over ten years, but the FBI refuses to investigate. *Id.* He
2  alleges that the FBI is "party of the conspiracy" by refusing to investigate. *Id.* He requests
3  "unspecified damages" because the "scope and scale of this case are so wide ranging that there is
4  no case precedence for monetary damages, neither actual, nor and/or punitive." *Id.* at 5.

## II.  LEGAL STANDARD

A court may allow a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. *See* 28 U.S.C. § 1915(a).

The court's grant of Plaintiff's application to proceed IFP, however, does not mean that he may continue to prosecute the complaint. A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If the court dismisses a case pursuant to Section 1915(e)(2)(B), the plaintiff may still file the same complaint by paying the filing fee. This is because the court's section 1915(e)(2)(B) dismissal is not on the merits, but rather an exercise of the court's discretion under the IFP statute. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

To make the determination under 28 U.S.C. § 1915(e)(2)(B), courts assess whether there is an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction. *Id.* at 1228. A court can also dismiss a complaint where it is based solely on conclusory statements, naked assertions without any factual basis, or allegations that are not plausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

Although pro se pleadings are liberally construed and held to a less stringent standard than those drafted by lawyers, see *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts

1   to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

2   554 (2007); *see also* Fed. R. Civ. P. 12(b)(6). "[A] district court should not dismiss a pro se

3   complaint without leave to amend unless it is absolutely clear that the deficiencies of the

4   complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.

5   2012) (quotations omitted).

### III.    FAILURE TO STATE A CLAIM

Having evaluated Plaintiff's financial affidavit, the court finds that he has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and grants the application to proceed IFP. The court's grant of Plaintiff's application to proceed IFP, however, does not mean that he may continue to prosecute the complaint. Section 1915 "accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . . [such as] claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Plaintiff contends that residents of the McAllister Hotel are stalking, threatening, and harassing him. When he went to report these claims to the SFPD, he discovered there was an active policy to ignore his criminal reports. When he went to report these claims to the FBI, they refused to take a report and did not let him speak with a supervisor. Therefore, Plaintiff concludes that the FBI is part of a criminal conspiracy against him. He brings this lawsuit to remedy a violation of his civil rights under *Bivens* against the FBI and two anonymous FBI agents. He pins his civil rights claim generally to "the Equal Protection of the Laws of the United States . . . by the Constitution of the United States," apparently referring to the Equal Protection Clause of the Fourteenth Amendment. Compl. 4.

Plaintiff's pleading is deficient in a number of respects. First, his allegation that he is being "stalked, threatened, and harassed" by the residents of the McAllister Hotel is purely conclusory, with no factual basis. In addition, his allegations that he has been the target of an unnamed domestic terrorist group for the past ten years, and that the FBI is also involved in the conspiracy, are fantastical and implausible.

Plaintiff also has not stated a *Bivens* claim. In *Bivens v. Six Unknown Federal Narcotics*

1   *Agents*, 403 U.S. 388 (1971), the Supreme Court recognized an implied cause of action under for
2   "an individual injured by a federal agent's alleged violation of the Fourth Amendment may bring
3   an action for damages against the agent." *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017).
4   However, the *Bivens* remedy is generally "disfavored." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857
5   (2017). The Supreme Court has only authorized this "implied cause of action" for Fourth
6   Amendment, Fifth Amendment, and Eighth Amendment violations. *Vega v. United States*, 881
7   F.3d 1146, 1152 (9th Cir. 2018). Furthermore, the Supreme Court has declined to extend liability
8   under *Bivens*, which applies to federal agents, to federal agencies like the FBI. *F.D.I.C. v. Meyer*,
9   510 U.S. 471, 486 (1994). *See Davis v. Fed. Bureau of Investigation*, No. 17-CV-01997-BAS-
10  AGS, 2018 WL 3426065, at *3 (S.D. Cal. July 16, 2018) (dismissing *Bivens* claim against the
11  FBI). Plaintiff cannot bring this *Bivens* claim against the FBI. Nor can he bring the claim based
12  on his vague, conclusory assertion that his Equal Protection rights were violated.

13  In sum, Plaintiff's allegations do not plausibly state a claim for relief because his factual
14  allegations are fantastical and implausible, and his *Bivens* claim against the FBI and two FBI
15  agents is not cognizable. For all of these reasons, the court concludes the complaint fails to state a
16  claim pursuant to 28 U.S.C. § 1915(e).

### IV.    REQUEST FOR JUDICIAL NOTICE AND EX PARTE MOTION

Plaintiff requests judicial notice of the Fourteenth Amendment and moves ex parte for an injunctive order for the FBI to investigate his claims. [Docket No. 6.] The sole basis for Plaintiff's motion for injunctive relief is an alleged violation of the Fourteenth Amendment. *Id.*

Judicial notice of the Constitution is unnecessary; the party only needs to cite the law for the court to consider it. *See Mike Rose's Auto Body, Inc. v. Applied Underwriters Captive Risk Assurance Co.*, No. 16-cv-01864-EMC, 2016 U.S. Dist. LEXIS 133747, at *2 (N.D. Cal. Sep. 28, 2016). Plaintiff has not stated a claim that his Fourteenth Amendment rights are being violated. As stated above, Plaintiff's complaints against the FBI are factually and legally unsound. Therefore, the court denies the motion.

### V.    MOTION TO DISQUALIFY

Plaintiff moves to disqualify the undersigned judge under 28 U.S.C. § 455, alleging that

1  the judge is party of the domestic terrorist conspiracy.  [Docket No. 12.]

2       Section 455 provides in relevant part:

> (a) Any . . . magistrate judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
>     (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

28 U.S.C. § 455(a)-(b).  The standard for recusal under section 455 is "[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (per curiam) (brackets and internal quotation marks omitted).  This statute "'is directed to the judge, rather than the parties, and is self-enforcing on the part of the judge,' with 'no provision for referral of the question of recusal to another judge.'" *Drevaleva v. United States VA*, No. 18-cv-03748-JCS, 2021 U.S. Dist. LEXIS 89927, at *3 (N.D. Cal. May 11, 2021) (quoting *United States v. Sibla*, 624 F.2d 864, 868).  The decision to recuse under section 455 "rests within the sound discretion of the judge." *Id.*

     Plaintiff argues that the court has demonstrated bias against him.  Plaintiff had previously requested a hearing on his ex parte motion, which the court denied pending adjudication of his IFP application.  [Docket No. 11.]  Plaintiff asserts that his ex parte motion was an "emergency" motion and that denial of his request for a hearing denied him access to the courts.  [Docket No. 12.]  The "emergency" nature of the motion is not anywhere apparent in the motion itself.  Plaintiff's request for a hearing was denied because the court had not yet determined if the case could go forward pursuant to 28 U.S.C. § 1915(e).  This does not demonstrate bias.  Additionally, Plaintiff points to previous unidentified cases he has brought in the Northern District of California where the undersigned judge (and at least one other judge) have not allowed his cases to go forward under 28 U.S.C. § 1915(e).  The court is under a continuing duty to screen claims filed without the payment of the filing fee where the claim "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Applying this law does not

demonstrate bias.  Lastly, Plaintiff asserts without any factual basis that the undersigned judge has personal knowledge of the allegations in his complaint and is seeking to aid the defendants and co-conspirators.  This is false.

Plaintiff's motion to disqualify the undersigned judge is denied.

## VI.   CONCLUSION

For the reasons above, the court grants Plaintiff's IFP Application and finds that the complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e).  Plaintiff must file a first amended complaint addressing the deficiencies identified in this order by **August 29, 2024**.  If he does not file a timely first amended complaint, the court will recommend that his action be dismissed.  Plaintiff's ex parte motion and motion to disqualify are denied.

The court refers Plaintiff to the section "Representing Yourself" on the Court's website, located at https://cand.uscourts.gov/pro-se-litigants/, as well as the Court's Legal Help Centers for unrepresented parties.  Parties may schedule an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: August 8, 2024

Donna M. Ryu
Chief Magistrate Judge